IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| JOSE LOPEZ LUGO, | § | |
| Petitioner, | § | |
| v. | § | 5:23CV-00131 |
| WARDEN, FCI TEXARKANA, | § | |
| Respondent | § | |

§2241, APPEAL OF BP-11

## JURISDICTION

Petitioner has exhausted his administrative remedies by submitting all administrative forms (BP-9, BP-10, BP-11). Petitioner now brings this cause to the court because Petitioner has been disciplined improperly by a sanction of 41 days of good time.

## LAW AND FACTS RELATED TO THIS CASE

Petitioner was found guilty of possession of a cellphone charger and sanctioned with forfeiture of 41 days of good conduct time credits under Code 108, Possession of a hazardous tool.

Petitioner timely appealed arguing that in accordance with FBOP rules, the cellphone charger does not qualify as a 108 offense. Additionally, Petitioner claimed a violation of due process during the rehearing because rather than having a rehearing, the offense incident report was copied and pasted and presented for the new Disciplinary Hearing Officer (DHO), and that due process was violated because the time it took to conduct the process occurred outside the time allowed by FBOP rules without approval from the warden.

Petitioner cannot be stripped of his 41 GCT credits because a cellphone charger does not meet the definition of hazardous tool. Code 108 states:

"108. Possession. manufacture, introduction, or loss of a hazardous too (tools most likely used in an escape or escape attempt or to serve as weapons capable of doing serious bodily harm to others; or those hazardous to institutional security or personal safety; e.g. hacksaw blade, body armor, maps, handmade rope, or other escape paraphernalia, portable telephone, pager, or other electronic device)."
(see attached).

Instead, Petitioner should have been found guilty of Code 305:

"304. Possession of anything not authorized for retention or receipt by the inmate, and not issued to him through regular channels."

(attached).

Petitioner did not admit that the charger was a cellphone charger. Further, the charger can be utilized to charge the inmate MP3 players within the institution. Further, a charger does not meet the definition of hazardous tool nor the examples presented in the above example of Code 108 definition because a charger on its own does not serve to send/receive messages as a portable telephone or pager, nor does it serve as a weapon capable of doing seriou bodily harm to others. Chargers are available within the institution because this prison has a electronics recycling inmate job also, and the charger was found on a table outside the cell.

Petitioner now brings this claim for the court to address.

CERTIFICATE OF SERVICE

I hereby declare under penalty of perjury that the above and foregoing is true. 28 USC §1746.

J.L.L.
Jose Lopez Lugo #11974-031